# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

VICTOR MOYA, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED; )
)
)
)
Plaintiff, ) Case No. 4:25-cv-00872-RK
)
v. )
)
EPIC HOLIDAY, LLC, MARK MCKEE, )
)
Defendants. )

## ORDER

Before the Court is Plaintiff Victor Moya's motion to remand. (Doc. 5.) The motion is fully briefed. (Docs. 6, 14, 18.) Defendants Epic Holiday, LLC and Mark McKee removed this putative class action asserting a claim under the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500, *et seq.*, and for quantum meruit/unjust enrichment from the Circuit Court of Jackson County, Missouri, to federal court. (*See* Doc. 1.) They assert original federal subject-matter jurisdiction under 28 U.S.C. § 1332, complete diversity jurisdiction. (*Id.* at 2-3.) After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that Plaintiff's motion to remand is **GRANTED**, and this case is **REMANDED** to the Circuit Court of Jackson County, Missouri.

### Discussion

To remove a case from state to federal court based on diversity jurisdiction, two requirements must be satisfied. First, there must be complete diversity of citizenship among the parties. *See* § 1332(a)(1). Second, the so-called "amount in controversy" must "exceed[] the sum or value of $75,000, exclusive of interest and costs." § 1332(a). Only the amount-in-controversy requirement is at issue here.[1]

As the removing party, Defendants must establish by a preponderance of the evidence that the amount-in-controversy is satisfied. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). If

---

[1] The parties agree that Plaintiff Moya, Epic Holiday, LLC, and Mark McKee have diverse citizenship.

Defendants do so, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite [jurisdictional] amount." *Id.*

Generally, a "preponderance of the evidence" standard refers to "the greater weight of evidence," that is, "evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate." *Smith v. United States*, 726 F.2d 428, 430 (8th Cir. 1984) (internal quotation marks omitted). To establish that the amount-in-controversy amount is satisfied by a preponderance of the evidence, Defendants need not show that "the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Neuburger v. James River Ins. Co.*, No. 4:21-CV-00464-BCW, 2021 WL 10256527, at *3 (W.D. Mo. Oct. 27, 2021) (quoting *Bell*, 557 F.3d at 959). Defendants must therefore "present some specific facts or evidence demonstrating that the jurisdictional amount has been met such as responses to discovery requests or damage recoveries in similar cases." *Summers v. Hendrickson*, No. 4:21-00605-CV-RK, 2021 WL 5745998, at *2 (W.D. Mo. Dec. 2, 2021) (internal quotation marks omitted). "[M]ere speculation" is not sufficient. *Dixon v. Time Warner, Inc.*, No. 09-CV-00376-W-HFS, 2009 WL 10671678, at *2 (W.D. Mo. July 2, 2009).

In this putative class action context, the amount-in-controversy analysis is individualized. In other words, so long as one named plaintiff (here, Plaintiff Moya) satisfies the amount-in-controversy requirement, the case is properly removable.[2] *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005); *see Snyder v. Harris*, 394 U.S. 332, 335-36 (1969) (holding that class action claims are not aggregated for purposes of the amount-in-controversy jurisdictional requirement). As with all removal actions, all doubts as to federal jurisdiction are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

Here, Plaintiff alleges in the putative class action complaint that "Defendants' policy and practice is to deny earned wages and overtime pay to its Load in/Load Out positions . . . ." (Doc. 1-1 at 4, ¶ 2.) Accordingly, the putative class action seeks "unpaid wages owed to Plaintiff and all other similarly situated workers employed by Defendant." (*Id.* at ¶ 4.) The complaint alleges that

---

[2] Under the Class Action Fairness Act, federal courts have subject-matter jurisdiction under 28 U.S.C. § 1332 if, along with minimal diversity and a proposed class of at least 100 members, "the amount in controversy is at least $5 million in the aggregate." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 886 (8th Cir. 2013) (internal quotation marks omitted); *see* 28 U.S.C. § 1332(d). Neither party invokes CAFA here.

Plaintiff and putative class members are paid as "hourly workers on a daily basis" and that "[t]he majority . . . are full-time employees scheduled to work 46-hours per week." (*Id.* at 5, ¶ 15.) The putative class action seeks damages for (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, and (4) attorney fees. (*Id.* at 9, ¶¶ 40, 41.)

In the Notice of Removal, Defendants rely on (1) "[r]ecent attorneys' fee awards received by plaintiffs in the state of Missouri who have brought employment-related [discrimination] claims," and (2) "the allegations contained in the Petition" to establish the jurisdictional amount-in-controversy requirement is satisfied here. (Doc. 1 at ¶¶ 15, 16.) In the opposition brief, Defendants cite several examples of "verdicts and settlements" of various state and federal wage-law class actions in this district to "illustrate the amount in controversy in such claims." (Doc. 14 at 2-4.) Defendants do not attempt to explain how any of the cited cases, whether in the Notice of Removal or the opposition brief, are similar to the potential damages and attorney fees recoverable in *this* case, however.

In addition, Defendants assert in the opposition brief that "Plaintiff has not agreed to a stipulation that the amount of damages claimed by him . . . is and will forever be less than $75,000, exclusive of interest and costs," and Plaintiff's failure to do so "supports Defendants' argument that the amount in controversy exceeds $75,000." (Doc. 14 at 4.) The Court assumes that a plaintiff's refusal to stipulate that his recoverable damages (including attorney fees) in the case will be less than the jurisdictional minimum is relevant to a defendant's burden as a removing party to establish subject-matter jurisdiction. *See Kansas City Laser v. MCI Telecomms. Corp.*, No. 4:05-CV-1001-W-DW, 2006 WL 8438202, at *1 (W.D. Mo. Mar. 14, 2006); *but see Neuburger*, 2021 WL 10256527, at *3. However, the Court finds in this case that Plaintiff's purported non-stipulation, standing alone, does not establish by a preponderance of the evidence that the amount-in-controversy requirement is satisfied.

Plaintiff asserts in his reply brief that to the extent he has not agreed to the proposed stipulation attached to Defendants' Notice of Removal, it was because it "failed to clearly distinguish between the amount Plaintiff is seeking himself and the amount he is seeking in his role as class representative." (Doc. 18 at 7.) In other words, "Plaintiff will not stipulate to the *aggregate* amount of damages" for the class action as a whole being less than $75,000. (*Id.*)

As the Eastern District of Missouri has recognized, "[a] binding stipulation" by a plaintiff that he "does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00

3

. . . protects both plaintiff and defendant . . . ." *McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10CV746MLM, 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010). Defendants, as the removing parties, bear the burden to establish that the amount-in-controversy requirement is satisfied; all doubts must be resolved in favor of remand. The arguable ambiguity in the proposed stipulation weighs against Defendants. Defendants' apparent inaction to clarify or address what appears to be at least a fair reading of the proposed stipulation attached to the Notice of Removal suggests that Plaintiff's interpretation of the proposed stipulation is what Defendants intended, i.e., to limit the entire class action to less than $75,000 in damages rather than Plaintiff's damages individually. Because the jurisdictional amount-in-controversy requirement in this class action (outside of CAFA) is an individualized inquiry, Plaintiff's failure to stipulate to damages for the entire class action is not relevant evidence to establish subject-matter jurisdiction. Moreover, to the extent this is not what Defendants intended, they would be in the best position to clarify and address Plaintiff's apparent concern. Their silence or inaction on this matter is inconsistent with the burden of proof they must shoulder as the removing parties. [3] In short, the Court is not persuaded that Plaintiff's non-stipulation, under these circumstances and without something more, is persuasive or sufficient evidence to find by a preponderance of the evidence that the amount-in-controversy is more than $75,000 in this specific case.

[remainder of page intentionally left blank]

---

[3] The Court notes as well that Defendants have not satisfied their burden as the removing party to submit *evidence* in this regard. The Notice of Removal merely alleges that Defendants will consent to remand if Plaintiff agrees to the stipulation attached to the Notice of Removal, indicating that the stipulation had not previously been presented to Plaintiff. Defendants' opposition brief—where they assert Plaintiff has not agreed to any stipulation as to damages—is not itself evidence.

4

**Conclusion**

For these reasons, the Court finds that Defendants have failed to satisfy their burden to demonstrate, with any degree of specificity, the amount-in-controversy in *this* case is more than $75,000. Plaintiff's motion to remand is accordingly **GRANTED**, and this case is **REMANDED** to the Circuit Court of Jackson County, Missouri.[4]

 **IT IS SO ORDERED**.


       s/ Roseann A. Ketchmark
       ROSEANN A. KETCHMARK, JUDGE
       UNITED STATES DISTRICT COURT


DATED: March 31, 2026

---

[4] The Court notes that on January 29, 2026, while Plaintiff's motion to remand was pending, Defendant McKee filed a Notice of Bankruptcy Filing. (Doc. 20.) Generally, a party's bankruptcy filing imposes an automatic stay on the continuation of pending litigation as to that party. *See* 11 U.S.C. § 362(a). Federal courts have generally held, however, that a bankruptcy stay does not affect a court's ability to consider a pending motion to remand for lack of subject-matter jurisdiction. *See, e.g.*, *3|5|2 Capital GP LLC ex rel. 3|5|2 Capital ABS Master Fund LP v. Wear*, No. 2:24-cv-01172-TL, 2024 WL 5040589, at *1 (W.D. Wash. Dec. 9, 2024); *Sargeant v. Hess Corp.*, No. 2022-0012, 2023 WL 2665717, at *2-3 (D.V.I. Mar. 28, 2023); *Doe v. Archdiocese of New Orleans Indemnity, Inc.*, No. 20-1338, 2020 WL 4593443, at *3 (E.D. La. Aug. 11, 2020); *Shanahan v. Kolmar Labs., Inc.*, No. 18-CV-8317 (JMF), 2019 WL 935164, at *2 n.1 (S.D.N.Y. Feb. 26, 2019); *Evans v. Anderson*, No. 09-5337 MHP, 2010 WL 118398, at *1 (N.D. Cal. Jan. 7, 2010); *Price v. Chrysler LLC*, No. 4:09CV00232 ERW, 2009 WL 2208298, at *1 (E.D. Mo. July 23, 2009).